UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUFTI HASSAN** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2592** |
| **SWIFTSHIPS SHIP BUILDERS, LLC et al.** | **SECTION: "G"(5)** |

**ORDER**

Before the Court is Plaintiff Lufti Hassan's ("Hassan") "Motion for Summary Judgment,"[1] wherein he urges the Court to order Defendants Swiftships Shipbuilders, LLC ("Swiftships"), Swift Group, LLC ("Swift Group"), Calvin Leleaux ("Leleaux"), Shehraze Shah, Khurram Shah, ICS Nett, Inc., and ICS Marine, Inc. (collectively, "Defendants") to pay $395,000 plus interest pursuant to a settlement agreement between the parties. Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court herein grants the motion.

**I. Background**

On December 29, 2011, Hassan and Lelaux entered into a "Purchase and Sale Agreement regarding Swift Group and Swiftships,"[2] After disputes arose regarding the Purchase and Sale agreement, Hassan sued all of the Defendants named in this case, resulting in a Settlement Agreement executed on September 10, 2013.[3] Pursuant to the Settlement Agreement, Hassan agreed to sell all of his interests in Swiftships and Swift Group, the subject of the Purchase and Sale Agreement, to Defendants and relinquish his interest in certain other companies.[4] The Settlement

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 1-1 at p. 1.

[3] Rec. Doc. 23-1 at p. 2.

[4] *Id.*

Agreement also stated that Hassan would release all claims he had against all Defendants.[5] In return, Defendants agreed to pay Hassan $2,125,000 in cash consideration, release Hassan from a promissory note and/or loan agreement with ICS Nett, and transfer any and all interest held by Leleaux in Swift Development, LLC and Swiftships Shipbuilders, FZCO to Hassan.[6]

Defendants were obligated to make five payments: (1) $780,0000 on or before September 11, 2013; (2) $250,000 on or before November 1, 2013; (3) $350,000 on or before April 1, 2014; (4) $350,000 on or before June 1, 2014; and (5) $395,000 on or before October 1, 2014.[7] Defendants made the first four payments, but failed to make the fifth and final payment on October 1, 2014.[8] On November 12, 2014, Plaintiff filed the instant litigation seeking to recover the final payment.[9]

Hasssan filed the pending motion for summary judgment on November 10, 2015.[10] Defendants filed a memorandum in opposition on December 1, 2015,[11] and, with leave of the Court, Hassan filed a reply on December 2, 2015.[12]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 1.

[10] Rec. Doc. 20.

[11] Rec. Doc. 23.

[12] Rec. Doc. 25.

## **II. Parties' Arguments**

*A.     Plaintiff's Arguments in Support of Summary Judgment*

Plaintiff argues that the Settlement greement between the parties was a written contract and is construed in accordance with the rules and principles applicable to contracts.[13] Hassan asserts that federal courts possess the power to enforce settlement agreements reached by parties during the course of litigation.[14] Furthermore, Plaintiff contends, where the terms of the settlement agreement are clear and explicit, there is no need to interpret the intent of the parties.[15]

Here, Hassan alleges, Defendants have admitted they did not make the fifth and final payment due under the Settlement Agreement.[16] According to Plaintiff, Defendants have not provided a justifiable reason for doing so.[17] Therefore, Plaintiff contends, they have breached the Settlement Agreement and would have the burden at trial to establish why they failed to fulfill their contractual obligation.[18] Because they cannot do so, Plaintiff avers, they cannot point to a material issue of fact that would defeat summary judgment.[19] Therefore, Plaintiff urges the Court to grant Hassan's motion for summary judgment and to order Defendants to pay him the $395,000 final payment, plus interest from October 1, 2014 to the present.[20]

---

[13] Rec. Doc. 20-2 at p. 4 (citing *Fla. Educ. Assoc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir. 1973)).

[14] *Id.* (citing *Lee v. Hunt*, 631 F.2d 1171, 1173–74 (5th Cir. 1980)).

[15] *Id.* (citing La. Civ. Code art. 2046).

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at p. 5.

3

### B.     *Defendants' Arguments in Opposition*

In opposition, Defendants argue that there remain outstanding, unavailable facts that create genuine issues of material fact and preclude summary judgment in the matter.[21] Defendants argue that, pursuant to Federal Rule of Civil Procedure 56(d), if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take other discovery; or (3) issue any other appropriate order.[22] Defendants claim that requests for relief under Rule 56(d) are "generally favored and should be liberally granted."[23]

Defendants allege that there is unavailable testimony that would create genuine issues of material fact regarding Plaintiff's breach of the terms of the settlement agreement.[24] According to Defendants, Hassan has, through his new company, Atlas Marine and Defense, LLC ("Atlas"), represented to the public and third parties that he retains ownership of boat schematics owned by Defendants, and that his company is participating in projects undertaken solely by Swiftships.[25] Specifically, Defendants contend, Hassan has represented on his company website that Atlas engaged in defense projects with the Egyptian Navy, Philippine Navy, Saudi Arabian Navy, U.S. Navy and U.S. Army, all of which are projects undertaken solely by Swiftships.[26] Therefore,

---

[21] Rec. Doc. 23 at p. 1.

[22] *Id.* at p. 2.

[23] *Id.* at p. 2 (quoting *Patterson v. Blue Offshore BV*, 2015 U.S. Dist. LEXIS 26030, *19 (E.D. La. Mar. 3, 2015)).

[24] *Id.*

[25] *Id.*

[26] *Id.* at pp. 2–3.

4

Defendants contend, Plaintiff is "undoubtedly holding himself out as partial owner of the schematics and contracts owned solely by Defendants, and thereby representing that he retains some ownership, director or agency relationship with Swiftships Shipbuilders, LLC, which is clearly prohibited under Paragraph 18 of the Settlement Agreement."[27]

Defendants further aver that they "have also been informed" that Plaintiff has conducted himself in business affairs and represented to third parties that he has an ownership interest in Swift Group and Swiftships, which is prohibited by the Settlement Agreement.[28] Defendants contend that, in an effort to ascertain whether Hassan indeed violated the terms of the Settlement Agreement, they noticed his deposition for November 11, 2015.[29] However, according to Defendants, they were informed by counsel on November 6, 2015 that Plaintiff was unavailable to be deposed, as he was suffering from a serious medical illness in India and would not be returning to the United States for some time.[30] As a result of Hassan's unavailability, Defendants claim they have not had the opportunity to discover information that is essential to their opposition to the motion for summary judgment.[31] According to Defendants, a deposition of Hassan would ultimately create a genuine issue of material fact as to whether Plaintiff voided the terms of the Settlement agreement, and as a result, Plaintiff's motion for summary judgment is premature pending further discovery.[32] Defendants contend that "for reasons outside of the control of the parties adequate discovery has

---

[27] *Id.* at p. 3.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at p. 4.

[not] yet [been] completed, and there remains imminent the creation of a genuine issue of material fact . . ." and therefore the Court should deny Plaintiff's motion or, in the alternative, defer judgment until adequate discovery can be conducted.[33]

### C. *Plaintiff's Arguments in Further Support of Summary Judgment*

In reply, Hassan first urges the Court to note that Defendants' Opposition, which was filed on November 24, 2015 at 10:35 p.m., failed to comply with Local Rule 7.5, which requires parties opposing motions to file and serve memoranda in opposition "no later than eight days before the submission date."[34] Because the matter was set for submission on November 25, 2015, Hassan contends, Defendants were required to file their opposition no later than November 17, 2015.[35] Furthermore, Plaintiff avers, Defendants have "filed pleadings well out of time" on other occasions, namely filing their Answer on the same day they were required to file their Witness and Exhibit Lists, approximately eleven months after suit was filed.[36]

Hassan argues that, procedural deficiencies aside, Defendants' Opposition "lacks any appreciable substantive merit."[37] According to Plaintiff, Defendants have offered no proper evidence to create a genuine issue of material fact, noting that the only evidence they offer—screenshots of Plaintiff's website—is an unsworn, unauthenticated document that constitutes inadmissible hearsay, which may not be considered as summary judgment evidence.[38] Furthermore, Hassan argues, even

---

[33] *Id.*

[34] Rec. Doc. 25 at p. 1.

[35] *Id.*

[36] *Id.* at p. 1 n.1.

[37] *Id.* at p. 1.

[38] *Id.* at p. 2.

6

if the Court accepts Defendants' exhibit, the document does not establish that Defendants are not obligated to make the final payment.[39] According to Plaintiff, although Hassan is prohibited from representing that he has an ownership, director or agency relationship with Defendants, "[t]here is simply nothing in [the Settlement Agreement] that precludes Mr. Hassan from doing what Defendants now claim in their Opposition that he is proscribed from doing."[40] Plaintiff claims that Defendants "make the tenuous, and desperate, assertion" that by stating his experience, he has "somehow publicized that he has an ownership or agency interest" in Swift Group or Swiftships.[41]

Furthermore, Plaintiff argues, although Defendants make an uncorroborated assertion that Hassan has conducted himself in business affairs and represented to third parties that he has an interest in Swift Group and Swiftships, they offer no sworn declarations or affidavits to support their contention.[42] Hassan contends that Defendants had adequate time to obtain a declaration or affidavit to corroborate their position, and thus their reliance on Rule 56(d) for time to conduct additional discovery is unavailing.[43] According to Plaintiff, when a requesting party has not diligently pursued discovery, it is not entitled to relief under Rule 56(d).[44] Here, Hassan avers, Defendants "have undertaken absolutely no discovery in this matter," and only sought Hassan's deposition after Plaintiff noticed the deposition of Defendant Calvin Leleaux.[45] Moreover, Hassan contends,

---

[39] *Id.*

[40] *Id.* at pp. 2–3.

[41] *Id.* at p. 3.

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

[45] *Id.*

7

Defendants did not seek that deposition until October 27, 2015, dilatorily waiting approximately 75 days before trial and more than eleven months since the complaint was filed.[46] Plaintiff contends that since November 6, when Hassan's deposition was postponed due to his illness, Defendants have never sought to reset the deposition, despite having 11 days from the postponement date and 7 days from the date Hassan's motion for summary judgment was filed in order to take Hassan's deposition.[47] Hassan argues that "Defendants inexcusably failed to do so and the discovery deadline in this matter has passed," and therefore, because of their failure to diligently pursue discovery, Defendants cannot seek protection under Rule 56(d).[48]

## III. Law and Analysis

### A. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[49] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[50] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of

---

[46] *Id.* at pp. 3–4.

[47] *Id.* at p. 4.

[48] *Id.*

[49] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[50] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

law' are insufficient to either support or defeat a motion for summary judgment."[51] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[52]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[53] Where the non-moving party bears the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[54] Thus, if the moving party satisfies its initial burden, the burden shifts to the nonmoving to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[55] In doing so, the non-moving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[56] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated

---

[51] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[52] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[53] *Celotex,* 477 U.S. at 323.

[54] *Id.* at 325. Here, although Plaintiff bears the burden of proof at trial to prove that a breach of contract occurred, Defendants do not dispute that they failed to make the fifth and final required payment pursuant to the Settlement Agreement, and instead argue that Plaintiff breached the terms of the Settlement Agreement, absolving Defendants from making a final payment. Rec. Doc. 23 at p. 2. Therefore, Defendants would bear the burden of proof at trial on their affirmative defense. *See Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1004 (5th Cir. 1982) ("In contract-breach cases, as in civil cases generally, the burden of proof of the elements of recovery is on the plaintiff, but the defendant must prove affirmative defenses such as lack of capacity, fraud, mistake, exoneration, or exception or exclusion from the contract.").

[55] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[56] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

assertions," or "by only a scintilla of evidence."[57] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[58] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[59]

### B.   Analysis

Plaintiff argues that the "instant matter is very academic;" pursuant to a Settlement Agreement, Defendants were required to make a final payment of $395,000 on October 1, 2014.[60] Their failure to do so, according to Plaintiff, constituted a breach of the contract, for which Defendants have not and cannot provide a compelling excuse.[61]

Defendants respond that additional discovery is necessary to buttress their argument—based upon an unauthenticated document that they purport represents a section of Plaintiff's website listing projects Atlas was presumably responsible for or involved with—that Hassan breached the Settlement Agreement by "undoubtedly holding himself out as partial owner of the schematics and contracts owned solely by Defendants, and thereby representing that he retains some ownership, director or agency relationship with Swiftships Shipbuilders, LLC, which is clearly prohibited under Paragraph 18 of the Settlement Agreement."[62]

---

[57] *Little*, 37 F.3d at 1075.

[58] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[59] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[60] Rec. Doc. 20-2 at p. 4.

[61] *Id.*

[62] Rec. Doc. 23 at p. 3.

10

First, the Court considers whether the evidence already presented by Defendants could defeat a motion for summary judgment. On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[63] Where the non-moving party bears the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[64] Here, Plaintiff cites the Settlement Agreement as evidence that Defendants were required to make a final payment of $395,000, which Defendants do not dispute.[65] Defendants further admit that they did not make the final required payment.[66] Thus, Hassan contends, there is no evidence to support Defendants' position that they were not required to make the payment.

The burden then shifts to Defendants to "identify specific evidence in the record, and articulate" precisely how that evidence supports their claims.[67] Defendants cite no evidence whatsoever to support their contention that Plaintiff has represented to third parties that he maintains an ownership interest in Swift Group and Swiftships.[68] The only evidence Defendants cite to support their contention that Plaintiff has breached the Settlement Agreement is an exhibit that they purport

---

[63] *Celotex,* 477 U.S. at 323.

[64] *Id.* at 325. Here, although Plaintiff bears the burden of proof at trial to prove that a breach of contract occurred, Defendants do not dispute that they failed to make the fifth and final required payment pursuant to the Settlement Agreement, and instead argue that Plaintiff breached the terms of the Settlement Agreement, absolving Defendants from making a final payment. Rec. Doc. 23 at p. 2. Therefore, Defendants would bear the burden of proof at trial on their affirmative defense. *See Sam's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1004 (5th Cir. 1982) ("In contract-breach cases, as in civil cases generally, the burden of proof of the elements of recovery is on the plaintiff, but the defendant must prove affirmative defenses such as lack of capacity, fraud, mistake, exoneration, or exception or exclusion from the contract.").

[65] Rec. Docs. 20-3 at p. 2; 23-1 at p. 2.

[66] Rec. Doc. 23-1 at p. 2.

[67] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[68] Rec. Doc. 23-1 at p. 2.

is a screenshot of Plaintiff's website that allegedly lists a series of projects in which Atlas has been involved.[69] The document is not authenticated and does not contain any kind of affidavit or statement that would explain its meaning.[70] "Unauthenticated documents are improper as summary judgment evidence."[71] Even considering the document, however, the Court finds no mention of Swift Group or Swiftships anywhere in the provided exhibit, nor, without more context, any indication that Hassan represents that he retains an ownership, director or agency relationship with any of the Defendants. All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[72] Here, the Court finds that Defendants' allegations are unsupported, as they have failed to point to evidence, admissible or otherwise, that reveals a genuine, disputed issue of material fact.

Defendants largely argue that in order to "ascertain whether Plaintiff has indeed violated the terms of the Settlement Agreement," they must conduct a deposition of Hassan, which they have not yet been able to do.[73] Thus, Defendants seek to invoke the projections of Rule 56(d) and urge the Court to deny Plaintiff's motion or to defer ruling until Plaintiff's deposition is completed.[74]

Pursuant to Rule 56(d):

(d)     When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by

---

[69] Rec. Doc. 23-2.

[70] *See id.* The Court notes, however, that in the Proposed Pretrial Order submitted after the briefings on the motion for summary judgment, Plaintiff stated that he did not object to the authenticity of screen shots as evidence, though he reserved rights to challenge their relevancy at trial. Rec. Doc. 27 at p. 7.

[71] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[72] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[73] Rec. Doc. 23 at p. 3.

[74] *Id.* at p. 4.

> affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)   defer considering the motion or deny it;
>
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)   issue any other appropriate order.

In *Adams v. Travelers Indemnity Co. of Connecticut*, the Fifth Circuit construed Federal Rule of Civil Procedure 56(f), the predecessor to the present-day Rule 56(d),[75] and held that the Rule:

> [A]uthorizes a district court to "order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had," if the non-movant files affidavits showing that he or she "cannot for reasons stated present by affidavit facts necessary to justify the party's opposition." A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact. A party "cannot evade summary judgment simply by arguing that additional discovery is needed," and may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[76]

Requests for relief pursuant to Rule 56(d) are "generally favored and should be liberally granted."[77] Nonetheless, a "plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion."[78] Indeed, "[i]f it appears that further discovery will not produce evidence creating a genuine issue of

---

[75] *See* Charles A. Wright, Arthur R. Miller, *et al.* 10B Federal Practice & Procedure Civil § 2740 (3d ed. 2014) ("When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes.").

[76] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citations omitted). *See also Beattie,* 254 F.3d at 606 (holding that the nonmoving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," but rather "must show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact.") (citations omitted).

[77] *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)

[78] *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435,1443 (5th Cir. 1993).

13

material fact, the district court may, in the exercise of its discretion, grant summary judgment."[79] Furthermore, if the plaintiff "has not diligently pursued discovery . . . [he] is not entitled to relief" under the Rule.[80]

Applying these rules here, the Court first acknowledges that Defendants have complied with the technical requirements of Rule 56(d) by filing into the record a declaration stating, for specified reasons, that they cannot present facts essential to justify their opposition.[81] However, the Court finds that Defendants have not diligently pursued discovery, and further delay would not be warranted.

The list of deadlines that have passed without action by Defendants belies Defendants' argument that they need more time to prove their case. First, the Court notes that, pursuant to its Scheduling Order, the discovery deadline for this matter was November 12, 2015, more than one month ago.[82] To this date, Defendants have filed no motion into the record seeking an extension of deadlines that would permit them to depose Hassan. A jury trial is set for January 11, 2016, and the parties have already submitted their joint Proposed Pre-Trial Order,[83] yet Defendants give no indication of when they would expect the deposition to take place. Defendants did not notice Hassan for a deposition until October 28, 2015, for a deposition date of November 11, 2015, the day before the close of discovery.[84]

---

[79] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004).

[80] *Beattie*, 254 F.3d at 606 (declining to consider whether plaintiff has shown why she needs additional discovery to create a genuine issue of fact, because she had not been diligent.).

[81] *See* Fed. R. Civ. P. 56(d).

[82] Rec. Doc. 14 at p. 2.

[83] Rec. Doc. 27.

[84] Rec. Doc. 23-3.

Defendants have also otherwise failed to adhere to the deadlines set in this case. On April 17, 2015,[85] Defendants sought an extension of time to file responsive pleadings, which the Court granted on April 20, 2015.[86] Although the Court gave Defendants an additional 30 days to respond, Defendants did not file an answer until October 16, 2015, nearly five months after their extended deadline.[87] Furthermore, Hassan's motion for summary judgment was set for submission on November 25, 2015, which in accordance with Local Rule 7.5, required Defendants to file any opposition by November 17, 2015. Instead, they waited until November 24, 2015, a day before the submission date, to file an opposition, without leave of Court. The opposition was marked as deficient by the Clerk for failure to adhere to Local Rule 56.2, which requires oppositions to motions for summary judgment to include a separate and concise statement of the material facts which the opponent contends present a genuine issue. Thus, Defendants' opposition was not properly submitted until they remedied the deficiency on December 1, 2015—at which time Defendants still had not requested leave of the Court to file.[88]

The Fifth Circuit has affirmed orders granting summary judgment in circumstances involving far less delay than is present in this case. For instance, in *Carriere v. Sears, Roebuck, & Co.*, the district court granted summary judgment to the defendants over the plaintiffs' assertion that "they had inadequate opportunity to conduct discovery."[89] There, the case had been pending in the district court for "over four months" before the motion for summary judgment was set for submission.[90] The

---

[85] Rec. Doc. 9.

[86] Rec. Doc. 10.

[87] Rec. Doc. 17.

[88] Rec. Doc. 23.

[89] 893 F.2d 98, 102 (5th Cir. 1990).

[90] *Id.*

15

plaintiffs sought "additional time to complete discovery before the summary judgment hearing," but "did not explain . . . why they had not completed discovery in the time already allotted," instead averring only that "the district court had not yet ruled" on a pending motion to remand.[91] Reasoning that "[t]he fact that a motion for remand does not excuse failing to pursue discovery diligently," the Fifth Circuit held that the district court "did not abuse its discretion in denying the plaintiffs a further continuance."[92]

Likewise, in *Beattie v. Madison County School District*, the Fifth Circuit affirmed the district court's order granting summary judgment to the defendant, notwithstanding the plaintiff's assertion that she "did not become aware" that she needed to take certain depositions "until sixteen days before the discovery deadline," and did not take the depositions earlier "because the parties were in settlement negotiations."[93] There, the plaintiff had "several months, from the time she sued" to take the depositions, but filed a Rule 56(f) motion "three days after the defendants filed their motion for summary judgment."[94] Reasoning that "a party suspends discovery at his own risk," and noting that the plaintiff could have sought an extension of time for discovery before the deadline elapsed, the Fifth Circuit held that the district court "acted within its discretion in concluding that she had not pursued discovery diligently enough to warrant relief under [R]ule 56(f)."[95]

---

[91] *Id.*

[92] *Id.*

[93] 254 F.3d at 606.

[94] *Id.*

[95] *Id.*

16

The complaint in this case was filed on November 12, 2014.[96] Hassan filed his motion for summary judgment on November 10, 2015.[97] Accordingly, this suit had been pending just shy of one year before Hassan filed the pending motion, nearly at the close of the discovery period. Even after the pending motion was filed, Defendants allegedly still made no attempt to reschedule the deposition.[98] Defendants' conduct reflects a lack of diligence in discovery.[99] Therefore, the Court has no basis to further delay ruling on the instant motion.

---

[96] Rec. Doc. 1.

[97] Rec. Doc. 20.

[98] Rec. Doc. 25 at p. 4.

[99] *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).

Accordingly, the Court finds that Defendants have failed to point to the existence of a genuine, disputed issue of material fact that would preclude summary judgment, and that their failure to diligently pursue discovery affords them no relief under Federal Rule of Civil Procedure 56(d). Therefore, summary judgment in favor of Plaintiff is warranted on Plaintiff's breach of contract claim.[100]

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Summary Judgment"[101] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 11th day of December, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[100] Although Plaintiff listed fraud as a claim in his complaint, Rec. Doc. 1, his motion for summary judgment, which appears to seek resolution of the entire matter, makes no mention of fraud. Rec. Doc. 20-2. Nor does the joint Proposed Pre-Trial order, submitted on December 10, 2015, make any mention of fraud. Rec. Doc. 27. Therefore, the Court presumes that Hassan has abandoned his fraud claim.

[101] Rec. Doc. 20.